### Eddie McCoy v. The State.

No. 298.   Decided January 12, 1910.

Rehearing denied February 9, 1910.

**Theft of a Hog—Charge of Court—Principals.**

See opinion for charge of the court in applying the law of principals to the facts in the case, which is held to be sufficient.

Appeal from the District Court of Shelby. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. M. Short & Sons,* for appellant.—On question of the court's charge on principals: Merritt v. State, 12 Texas Crim. App., 203; Phillips v. State, 17 Texas Crim. App., 169; Zollicoffer v. State, 16 Texas Crim. App., 312; Huffman v. State, 123 S. W. Rep., 596; Martin v. State, 36 Texas Crim. Rep., 632; Williams v. State, 53 Texas Crim. Rep., 396.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This is a companion case to that of Jackson Fields v. State, this day decided, where the facts are stated at some length.

There are no bills of exceptions in the record and the questions raised on this appeal are substantially the same as those presented in the Fields case above referred to. The charge of the court in this case is somewhat fuller than the charge given in the Fields case. After defining theft, principals, and the other matters proper to be charged, the court then thus instructs the jury: "So in this case if you believe from the evidence beyond a reasonable doubt that Henry Davis' hog was taken and was taken under circumstances amounting to theft, and that this defendant and Jackson Fields acted together in such taking with a mutual understanding and with a common purpose and intent fraudulently to take such hog, knowing it did not belong to either of them, and with intent to deprive the owner of same of its value and to appropriate it to the use or benefit of themselves; or if you so believe Jackson Fields had such knowledge and intent, and that the defendant having the same knowledge and knowing Fields' unlawful intent aided Fields in taking the hog by shooting the hog or otherwise, you will in either such case find that the defendant is a principal in the offense; but if this defendant shot the hog at the instance and direction of Jackson Fields, believing it was Fields' hog, then this defendant would not be guilty, no matter whether Fields believed it was his hog or knew it was not his. So in this case if you believe this defendant killed Henry Davis' hog or participated with Jackson Fields in killing such hog, yet if you believe from the evidence that at the time the hog was killed, this defendant believed and acted upon the belief that the hog belonged to Jackson Fields, or if you have a reasonable doubt as to whether or not he had and acted upon such belief, you will acquit the defendant." This was a clear presentation of the issues arising under the facts and leaves appellant without just cause of complaint. The evidence was sufficient to sustain the verdict.

There is no error for which the judgment should be reversed, and it is, therefore, accordingly affirmed.

*Affirmed.*

[Rehearing denied February 9, 1910.—Reporter.]